UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>            Plaintiff,<br><br>v.<br><br>AXESSTEL, INC. et al.,<br><br>            Defendants. | Case No.:  3:18-cv-01486-L<br><br>**ORDER GRANTING JOINT MOTION [Doc. 9] FOR JUDGMENT; AND ENTERING CONSENT JUDGMENT** |

**FINAL JUDGMENT AS TO DEFENDANT PATRICK J. GRAY**

The Securities and Exchange Commission ("SEC" or "Commission") having filed a Complaint and Defendant Patrick J. Gray ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal

service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] and Rule 13b2-1 thereunder [17 C.F.R. § 240.13b2-1] by:

(a) knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowingly falsifying or causing to be falsified any book, record, or account of any issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. 78l] or any company which is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. 78o(d)]; or

(b) falsifying or causing to be falsified, directly or indirectly, any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)].

### III.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant, and Defendant's agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from violating Rule 13a-14 under the Exchange Act [17 C.F.R. § 240.13a-14] by, as a principal executive or principal financial officer of an issuer, or as a person performing similar functions,

falsely certifying any report filed under Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] (other than a report filed by an Asset-Backed Issuer defined in 17 C.F.R. § 229.1101, or a report on Form 20-F under 17 C.F.R. § 240.13a-19), including reports filed on Forms 10-Q, Forms 10-QSB, Forms 10-K, or Forms 10-KSB.

IV.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant, and Defendant's agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from violating Rule 13b2-2 [17 C.F.R. § 240.13b2-2] promulgated under the Exchange Act, by, as an officer or director of an issuer, (a) making or causing to be made a materially false or misleading statement or (b) omitting to state, or causing another person to omit to state, any material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, to an accountant in connection with: (1) any audit, review, or examination of the financial statements of an issuer required to be made pursuant to Section 13 of the Exchange Act [15 U.S.C. § 78m]; or (2) the preparation or filing of any document or report required to be filed with the Commission.

V.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant, and Defendant's agents, servants, employees, and attorneys, and those persons in active

concert or participation with them who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20,13a-l, 13a-ll, and 13a-13 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, and 240.13a-13] by knowingly or recklessly providing substantial assistance to an issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)] in failing to file with the Commission such accurate and complete information, reports, and documents as are required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and the Rules thereunder, including but not limited to annual reports on Form 10-K [17 C.F.R. § 249.310], current reports on Form 8-K [17 C.F.R. § 249.308], and quarterly reports on Form 10-Q [17 C.F.R. § 249.308a], and such further material information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not misleading.

## VI.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant, and Defendant's agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from aiding and abetting any violation of Sections 13(b)(2)(A)

and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(b)(2)(A) and 78m(b)(2)(B)] by knowingly providing substantial assistance to an issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. 78l] or any company which is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. 78o(d)] that:

(a)  fails to make or keep books, records, or accounts which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the issuer's assets; or

(b)  fails to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that (i) transactions are executed in accordance with management's general or specific authorization; (ii) transactions are recorded as necessary (A) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and (B) to maintain accountability for assets; (iii) access to assets is permitted only in accordance with management's general or specific authorization; and (iv) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant Gray is prohibited, for a period of five years following the date of entry of this Final Judgment, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Gray shall pay a civil penalty in the amount of $40,000 to the Securities and Exchange Commission pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant shall make this payment pursuant to the terms of the payment schedule set forth in paragraph IX below after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center

      Accounts Receivable Branch
      6500 South MacArthur Boulevard
      Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Patrick J. Gray as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Patrick J. Gray shall pay the total penalty of $40,000 in two (2) installments to the Commission according to the following schedule:  (a) a $10,000 payment within 14 days of entry of this Final Judgment; and (b) a $30,000 payment within 360 days of entry of this Final Judgment. Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 14 days of the entry of this Final Judgment. Prior to making the final payment set forth herein, Gray shall contact the staff

of the Commission for the amount due for the final payment.

If Gray fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

XII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: July 10, 2018

_____
Hon. M. James Lorenz
United States District Judge